# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOLANTA SOYSAL, | ) |
| Plaintiff, | ) Case No. 2:13-cv-00281-JCM-CWH |
| vs. | ) **ORDER AND REPORT &** |
| GEICO GENERAL INSURANCE COMPANY, | ) **RECOMMENDATION** |
| Defendant. | ) |

This matter was referred to the undersigned Magistrate Judge on Defendant Geico General Insurance Company's ("Geico") Motion to Enforce Settlement Agreement with High/Low Binding Limits (#11), filed January 30, 2014. This matter is also before the Court on Plaintiff's Counsel's Motion to Withdraw (#12), filed February 18, 2014.

This matter was removed on February 21, 2013. (#1). Defendant Geico filed its answer on February 22, 2013. (#4). On March 26, 2013, the parties filed a joint status report (#7) indicating that, prior to removal, significant discovery had taken place. The parties further indicated that they were in the process of finalizing an agreement to submit the matter to binding arbitration, with the Court maintaining jurisdiction to assist as needed. Shortly thereafter, on April 8, 2013, the parties filed a second status report (#8) indicating that they were still in the process of finalizing the binding arbitration agreement. The parties requested that the Court stay discovery in anticipation that binding arbitration would resolve all claims, which was granted (#9). On January 6, 2014, having not received any filing or submission for over 270 days, the parties were given notice that, pursuant to Local Rule 41-1, the case would be dismissed if no action were taken within thirty (30)

days. (#10).

After issuance of the LR 41-1 notice, Defendant Geico submitted its motion to enforce the settlement agreement. (#11). Attached as exhibit 1 to the motion is the parties' stipulation to submit the matter to binding arbitration. Despite repeated indications that the parties would notify the Court of the agreement and the express provision contained within the agreement itself that the parties would advise the court of the agreement and the need to stay the case pending arbitration, the motion to enforce was the first time the Court was made aware that an agreement to submit the matter to binding arbitration had been reached. The agreement provides that Plaintiff, upon payment of the binding arbitration award would dismiss the action with prejudice. The parties further agreed that the arbitration decision would be "final and binding" and that each party "waives any and all rights to litigate this dispute and/or appeal the Arbitrators' award." The arbitration agreement contained high/low provisions as to the lowest sum of money Defendant would be obligated to pay ($50,000.00) and the highest sum it could be obligated to pay ($900,000.00). Defendant Geico paid the $50,000.00 low prior to the arbitration ruling. *See* Ex. 2 attached to Def.'s Mot. (#11).

On December 17, 2013, the arbitration panel issued a decision awarding Plaintiff $31,370.00. *See* Ex. 4. Despite the final arbitration award being issued, Plaintiff did not move to dismiss the case as agreed. By way of the motion to enforce (#11), Defendant Geico contends that the validity of the arbitration agreement is uncontested and, therefore, it is entitled to dismissal of this case with prejudice. Plaintiff's response to the motion was due on or before Friday, February 16, 2014. Plaintiff did not file a response. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Local Rule 7-2(d). Accordingly, the undersigned will recommend that the motion to enforce (#11) be granted based on Plaintiff's non-opposition. The Court further finds that the arbitration agreement submitted as exhibit 1 to Defendant's motion is enforceable.

After the deadline for response to Defendant's motion (#11) passed, Plaintiff's counsel filed his motion to withdraw as attorney of record. *See* Mot. (#12). "No attorney may withdraw after appearing in a case except <u>by leave of Court</u> after notice has been served on the affected client and

2

opposing counsel." Local Rule IA 10-6(b) (emphasis added). Counsel's boilerplate statement that there are "irreconcilable differences" with his client is insufficient under these circumstances and leave to withdraw will not be granted at this time.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Counsel's Motion to Withdraw (#12) is **denied without prejudice**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Geico General Insurance Company's Motion to Enforce Settlement Agreement with High/Low Binding Limits (#11) be **granted** and this case **dismissed with prejudice**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 19, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**